Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Wendy Miele (SBN 165551)
wmiele@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (310) 590-3927

Kevin J. Cole (SBN 321555)
kevin@kjclawgroup.com
KJC Law Group, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 861-7797

*Attorneys for Plaintiff*
*Anne Heiting*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE HEITING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ATHENAHEALTH, INC. a Massachusetts Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT (CAL. PENAL CODE § 631)** |

COMPLAINT

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

1. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly engaging in chats with individuals in California through the chat box feature on its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Athena (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

**PARTIES**

3. Plaintiff Anne Heiting ("Plaintiff") is a citizen of California residing within the Central District of California.

4. Defendant Athenahealth, Inc. ("Defendant" or "Athena") is a Massachusetts corporation that owns, operates, and/or controls athenahealth.com.

5. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

COMPLAINT

1

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

7. Athenahealth, Inc. is the proprietor of athenahealth.com, an online platform that provides services and products to expand accessible healthcare. During a browsing session on the Defendant's website, the plaintiff utilized the chat box feature. However, the plaintiff was not informed that her conversations were being recorded and exploited for commercial surveillance purposes without her consent. Defendant's deceptive and invasive practices violate the privacy rights of its customers.

8. In the context of Athena's website, an iFrame (or Inline Frame) is a code that embeds content from another website ((in this case, SalesForce) within a web page. However, this code intercepts the inquiries that consumers believe are being sent directly to Athena and diverts them to salesforce.com:

9. Once SalesForce gains access to the user's information, it stores it for its own purposes. Athena fails to inform its website users that their communications are being monitored and stored using an "event listener" as seen below:

[screenshot of athenahealth.com website alongside browser developer tools showing JavaScript source code with addEventListener function and Salesforce liveagent availability requests]

10. SalesForce also shares the data it collects and stores with Athena who adds the data to the existing profiles it has surreptitiously collected from its users. According to its own stated disclosures, Athena collects a wide range of personal information from website users and consumers, including personal identifiers, device information, browser information, commercial information, network activity, internet information, location details; such as GPS address and IP address, and may deduce additional demographic details like gender and age; various details about website usage such as how you searched and browsed as well as mouse movement, click, touch, scroll, and keystroke activity; inferences and other information.

11. In a 2023 SEC filing, SalesForce states that it stores "real-time data streams" which also includes the storage and transmission of customers' proprietary and other sensitive data. This surveillance and harvesting of personal information are not disclosed.

12. Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time to be "targets" for non-descript mercantile campaigns. Defendant should not be permitted to acquire such extensive personal information from unsuspecting consumers who visit their website merely to make a purchase, such as buying a new telehealth service. This blatant disregard for consumer privacy is unacceptable and warrants appropriate scrutiny and intervention.

13. Within the past year, Plaintiff used the chat box feature on Athena's site, however, Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was not communicating with Athena at all when chatting online on the athenahealth.com website. Athena does not disclose its relationship at all to SalesForce or that Athena is aiding, abetting, and paying third parties like SalesForce which is recording and commoditizing their communications using the seemingly harmless chat box feature. A feature which, because it is seemingly innocuous and appears to occur on Athena's website, would never give rise to the suspicion that it is really a means to collect data and subvert privacy rights.

14. Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

COMPLAINT
4

16. <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

17. <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

    b. Whether Defendant aided and abetted a third party in eavesdropping on such communications;

    c. Whether Plaintiff and Class Members are entitled to statutory penalties; and

    d. Whether Class Members are entitled to injunctive relief.

18. <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

19. <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

20. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

COMPLAINT

5

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631(a)

21. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner,"

(1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or

(2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Here, Defendant has violated the third prong.

22. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

23. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

COMPLAINT

6

24. At all relevant times, Defendant aided, abetted, and even paid third parties to eavesdrop upon such conversations.

25. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

26. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;
2. An order declaring Defendant's conduct violates CIPA;
3. An order of judgment in favor of Plaintiff and the Class against Defendant on the cause of action asserted herein;
4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;
5. Statutory damages pursuant to CIPA;
6. Punitive damages;
7. Prejudgment interest;
8. Reasonable attorneys' fees and costs; and
9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: December 8, 2023                 TAULER SMITH LLP

                                        By:  /s/ Robert Tauler
                                             Robert Tauler, Esq.
                                             *Attorney for Plaintiff*
                                             *Anne Heiting*

COMPLAINT

7

**DEMAND FOR JURY TRIAL**

Plaintiff Anne Heiting hereby demands a trial by jury.

DATED: December 8, 2023                         TAULER SMITH LLP

                                        By:  /s/ Robert Tauler
                                             Robert Tauler, Esq.
                                             *Attorney for Plaintiff*
                                             *Anne Heiting*

COMPLAINT

8